January Term, 1882, No. 297.            April 7th, 1882.

## Aull *versus* Bonnell.

1. The widow can have but one title of dower in her husband's estate.

2. When he conveys real estate without her joining in the deed, the grantee takes subject to the dower; and if the grantee should reconvey to the husband it would be still the same title of dower in the wife.

3. A husband conveyed certain premises without his wife joining in the deed. In proceedings in partition of the real estate of the grantee, the premises in question were valued subject to the "inchoate right of dower" of the wife, and were awarded to the husband. He subsequently gave a mortgage, under proceedings upon which these premises were taken in execution and sold to a third person. *Held*, That the dower was barred.

Before Sharswood, C. J.; Mercur, Gordon, Paxson, Trunkey, and Green, JJ.; Sterrett, J., absent.

Error to the Court of Common Pleas, No. 2, for *Philadelphia County.*

Dower, by Maria Aull against George B. Bonnell. A case stated was agreed upon which set forth the facts substantially as follows:

On the 22d day of May, 1858, Alfred Aull granted and conveyed unto Sarah Aull, in fee, a messuage, barn, springhouse, and lot or piece of ground containing nine acres, two roods, and thirty-six perches, in Philadelphia. At the time the conveyance was made, the plaintiff was the wife of Alfred Aull, and refusing to join in the deed, it was executed, acknowledged, and delivered by Alfred Aull only.

Sarah Aull was the mother of Alfred Aull. She died intestate on January 23d, 1868, and proceedings for the partition of her real estate were instituted in the Orphans' Court of May Term, 1868. In the petition for the appointment of commissioners to value and divide the real estate, the premises in question were said to be " subject to an inchoate right of dower in Maria Aull, the wife of the said Alfred Aull." The commissioners made return to the Court that the real estate could be divided without prejudice to or spoiling the whole, and valued and appraised the premises in question, "subject to the inchoate right of dower mentioned in the petition," at the sum of $4000. The commissioners then proceeded to divide all the real estate into purparts. " Purpart No. 1 " consisted of five separate lots of ground, and included the lot in question in this suit, which was described in the same manner as in the petition, and was the only lot as to which there was any question of dower.

On the 27th of June, 1868, purpart No 1 was allotted and awarded by the Orphans' Court to Alfred Aull in severalty.

[Aull *v.* Bonnell.]

On August 31st, 1876, Alfred Aull mortgaged the premises in question to John Crawford to secure the payment of the sum of $6000, with interest. The mortgage was in the usual form, and no reference was made in it to the subject of the dower of the said Maria Aull.

Alfred Aull died on May 12th, 1877, intestate.

Under proceedings upon the mortgage, the sheriff sold the premises in question to the defendant, June 7th, 1880, for $4100.

December 20th, 1881. Judgment for the defendant upon the case stated.

The plaintiff then took out a writ of error, assigning as error the entry of the above judgment.

*M. Arnold*, for the plaintiff in error.

In this case the dower of the plaintiff became fixed by the deed of conveyance of her husband without her joining in it. When the real estate was subsequently appraised and allotted, in the proceedings for partition of the real estate of Sarah Aull, the grantee, the allotment back to Alfred Aull was made expressly "subject to the inchoate right of dower" of the plaintiff. All that he acquired was a property subject to an estate in another person, and that person was his wife. He did not acquire the whole estate in his land. His wife's dower had attached. No one could bar her of it without her consent: Lineweaver *v.* Stoever, 1 W. & S., 164.

Had any other one of the heirs of Sarah Aull become entitled to this land in the partition suit, the plaintiff's dower would have remained in the land, and it could not be divested by the act of any one save only herself. What principle of law or what authority deprives her of it when her husband becomes the owner of it a second time? Her estate was not the subject of the proceedings in partition. Sarah Aull never owned the plaintiff's estate, and Alfred Aull, the son of Sarah, acquired nothing in the partition suit which belonged to his wife.

Can it be said that the plaintiff's dower was merged in the new acquisition of her husband? Merger is the union of two or more estates, or interests in law, in one and the same person. It never is permitted against the intention or the interest of the parties. It is essential that the several estates should unite in the same person. They did not so unite here. The plaintiff was not a party to the proceedings in partition, and she took nothing thereby. She does not claim two dowers in the same land, but she does claim what Chief Justice Gibson calls "her dower left in the land,"

[*Aull v. Bonnell.*]

when her husband parted with it "independently of her concurrence and will."

Besides, Alfred Aull's mortgage, and the purchaser at the sheriff's sale under it, had express notice of this dower remaining in the land. The record of the allotment to him in partition, shows that it was allotted, in express words, "subject to the inchoate right of dower" of the plaintiff: Metzgar's Appeal, 21 P. F. Smith, 332.

*William W. Porter* and *Walter D. Allen*, for defendant in error.

In the proceedings in partition, the estate of Alfred Aull was not before the Orphans' Court; that Court could, therefore, make no order which would fix the dower of his wife, or create or affect any estate or right in her. When the partition proceedings were commenced, it could not be known to whom the property would finally be allotted. The only object of the reference to the dower of Maria Aull was to give notice to purchasers that the land might, in their hands, become subject to her dower, if she outlived her husband and her right were not divested by a judicial sale of the land for the payment of his debts. In the final decree, making the allotment to Alfred Aull, no mention was made of the dower of his wife.

By the award in partition, the same estate which had been conveyed by Alfred Aull to his mother was again vested in him. So far as any right of his wife was concerned, he was then in the same position with regard to the property as if he had never conveyed it. Being the absolute owner of the property, he conveyed it in mortgage to John Crawford, to secure a *bona fide* debt, without reserving any right in his wife. Under proceedings on this mortgage against the administrator of Alfred Aull, the property was sold by the sheriff to the defendant. This sale divested the right of the plaintiff to her dower in the premises, whether the right was inchoate, or had attached to the land on its allotment to her husband, or on his subsequent death.

Under the law of Pennsylvania the dower of the wife cannot be fixed or ascertained until the death of her husband. She is only then entitled to dower in what remains after the payment of his debts: Scott *v.* Crosdale, 2 Dallas, 127; Killinger *v.* Reidenhauer, 6 S. & R., 534; Directors of the Poor *v.* Royer, 7 Wright, 146; Mitchell *v.* Mitchell, 8 Barr, 127; Lazear *v.* Porter, 6 Norris, 517; Directors of the Poor *v.* Royer, 7 Wright, 153.

April 17th, 1882.—Per Curiam: The widow can have but one title of dower in her husband's estate. When he

[Appeal of Daniel Buck *et al.*]

conveys without her joining in the deed, the grantee takes subject to the dower, and if he should reconvey to the husband it would still be the same title of dower in the wife. It matters not how the land returns to the husband, by deed or proceedings in partition, the same dower-right still subsists. It matters not that the first conveyance by the husband was expressly subject to the inchoate right of dower. It would have been the same if it had not been so expressed. *Expressio eorum quæ tacite insunt nihil operatur.*

Judgment affirmed.